UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

CASE No. 0:21-cv-60792 _____

CASEY C. WARD,

       Plaintiff,

v.

ARAMARK UNIFORM & CAREER APPAREL, LLC,

       Defendant.

_____/

## ARAMARK UNIFORM & CAREER APPAREL'S NOTICE OF REMOVAL

COMES NOW, the Defendant, Aramark Uniform & Career Apparel, LLC (Aramark), by and through its undersigned counsel, and hereby files its Notice of Removal to this Court of the above-styled action pursuant to 28 U.S.C. Section 1446(B) and 28 U.S.C. Section 1332, and submits the following:

1.     Aramark is a defendant in a civil action brought against it in the 17th Judicial Circuit in and for Broward County, Florida styled *Casey C. Ward v. Aramark Uniform & Career Apparel, LLC*, case no. 20-020359.  A true and correct copy of all process, pleadings, and orders served upon on Aramark are attached hereto as an exhibit hereto in compliance with 28 U.S.C. Section 1447(b).  See **Composite Exhibit A**.

2.     This action is a negligence action, wherein Plaintiff alleges that Aramark failed to maintain the premises causing Plaintiff trip and fall on steps located on its premises.  See Complaint attached as **Exhibit B**.

3.     On December 9, 2020, Plaintiff served Aramark with process in this matter. However, the Complaint did not state the amount in controversy other than the general

Page 2
April 12, 2021

pleading of meeting the minimal required amount for a Circuit Court filing.  See Exhibit B.

Aramark filed its answer and affirmative defenses on December 29, 2020.  See Exhibit B.

4.       Thereafter, on January 4, 2021, Aramark filed its request for admissions to

Plaintiff. Plaintiff was asked to "[p]lease admit that the amount in controversy in this matter

does not exceed $75,000.00."

5.       Plaintiff filed its response to these requests for admission on February 3, 2021.

Plaintiff's response: "Plaintiff objects to this request as it seeks information which violates

attorney-client privilege, and is not a proper topic for a request for admission as it does not

seek an admission of law or fact designed to narrow or simplify the issues for trial, nor is it a

material evidentiary issue in this case and is not calculated to lead to the discovery of

admissible evidence.  Furthermore, this request seeks to reveal attorney mental impressions

and therefore violates the attorney work-product privilege."

6.       Defendant set Plaintiff's objections for hearing. The matter was heard by the

Circuit Court in Broward County, Florida, on February 23, 2021.   The Court granted

Defendant's motion and required Plaintiff to provide responses within 20 days.  See attached

as Exhibit C, Order on Defendant's Motion to overrule objections and to compel better

answers to request for admissions dated March 3, 2021.

7.       On March 15, 2021, Plaintiff provided responses.   Plaintiff's response to the

request for admission identified in paragraph number 4 of this motion was "[d]enied as

phrased.  There is no way to determine the amount in controversy as liability has not been

determined."  Plaintiff's denial constitutes sufficient finding of an amount in controversy in

excess of the $75,000.00 diversity requirement.

Page 3
April 12, 2021

8.      Pursuant to 28 U.S.C. Section 1446(b)(3), "A Notice of Removal may be filed within 30 days after receipt by the Defendant, through service or otherwise, of a copy of an amended pleading, motion, or other paper from which it may be ascertained that the case is one which is or has become removable." 28 U.S.C. Section 1446(b)(3).  Moreover, "Courts have held that responses to requests for admissions, settlement offers, and other correspondence between parties can be other paper under 28 U.S.C. Section 1446(b).  *Lambertson v. Go Fit, LLC*, 918 F. Supp. 2d 1283, 1285 (S.D.Fla. 2013) (citations omitted) (collecting cases).

9.      Because Aramark first ascertained the case was subject to removal when it received Plaintiff's court ordered response to Defendant's request for admissions on March 15, 2021, this Notice of Removal is timely.  See *Lambertson*, 918 F. Supp. 2d at 286 (finding the proper triggering document of the 30-day clock contained in 28 U.S.C. Section 1446(b) was the Plaintiff's response to Defendant's request for admissions concerning the amount in controversy); see also *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 825 (7th Cir. 2013) (explaining the amount in controversy requirement of Section 1446(b)(3) "commences only when the Defendant receives a post complaint pleading or other paper that affirmatively and unambiguously specifies a damages amount sufficient to satisfy the federal jurisdictional minimums."

10.     To further support removal in this matter, Plaintiffs reside in Broward County, Florida and is a citizen of the state of Florida  See Complaint.

11.     Aramark is a for-profit Delaware Corporation, with its principal place of business in California.  Pursuant to 28 U.S.C. Section 1332(c)(1), Aramark is a citizen of the State of California. See 28 U.S.C. Section 1332(c)(1).

Page 4
April 12, 2021

12.     Consequently, this Court has original jurisdiction over the aforementioned matter pursuant to 28 U.S.C. Section 1332, as this action involves: (1) citizens of different states, and (2) an amount in controversy in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

13.     Venue in this Court is proper pursuant to 28 U.S.C. Section 1441(a), as this action is being removed from the state court in which it was originally filed – the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida - to The District Court of the United States for the district and division in which such action is pending, the Southern District of Florida.

14.     Pursuant to procedural requirements for removal set forth in 28 U.S.C. Section 1446(d), Aramark will file a Notice of Removal with the Clerk of Court for the 17th Judicial Circuit in and for Broward County, Florida, and will provide written notice of this Notice of Removal to all parties be e-service and U.S. mail.  A copy of the Notice of Filing is attached hereto.

[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]

Page 5
April 12, 2021

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

Florida Courts E-Filing Portal and/or email, unless otherwise indicated, to the parties on the

attached service list, and to all parties who may be listed for service via the E-Filing Portal but of

whom the undersigned has not received service information, on April 12, 2021.

CHARTWELL LAW
*Attorneys for Defendant*
1191 East Newport Center Drive
Penthouse Suite H
Deerfield Beach, FL  33442
Tel: (754) 227-7995
Fax: (754) 212-4170
Designated emails, per Fla.R.Jud.Admin. 2.516:
Primary: molmsted@chartwelllaw.com,
arenaldo@chartwelllaw.com
Secondary: jwelch@chartwelllaw.com


By:  */s/ Anthony J. Renaldo*
Matthew R. Olmsted, Esq
Florida Bar No.: 36306
Anthony J. Renaldo, Esq
Florida Bar No.: 66251


**SERVICE LIST**
Counsel for Plaintiff
Daniel M. Grissom, Esq.
SIMON TRIAL FIRM
First Citizens Bank Tower
2601 South Bayshore Dr., Ste. 1010
Miami, FL 33133
pleadings@simon-trial.com

# Composite Exhibit "A"

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY,
FLORIDA

CASE NO. CACE-20-020359

CASEY C. WARD,

        Plaintiff,

v.

ARAMARK UNIFORM & CAREER
APPAREL, LLC,

        Defendant.

_____/

## DEFENDANT'S REQUEST FOR ADMISSIONS

Pursuant to Florida Rule of Civil Procedure §1.370, the Defendant, Aramark Uniform & Career Apparel, LLC, requests that the Plaintiff, Casey Ward, admit or deny each of the following:

1. Please admit that the amount in controversy in this matter exceeds $75,000.00.

2. Please admit that the amount in controversy in this matter does not exceed $75,000.00.

3. Please admit that the named Plaintiff, Casey Ward, is a resident of the State of Florida.

4. Please admit that Aramark Uniform & Career Apparel, LLC, is incorporated in the State of Delaware.

5. Please admit that Aramark Uniform & Career Apparel, LLC, is not incorporated in the State of Florida.

6. Please admit that the principal place of business for Aramark Uniform & Career Apparel, LLC, is located in the State of California.

7. Please admit that the principal place of business for Aramark Uniform & Career Apparel, LLC, is not located in the State of Florida.

8. Please admit that the incident that forms the basis of the Complaint occurred in Broward County, Florida.

CASE NO.  2020-011170-CA-01

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

Florida Courts E-Filing Portal and/or email, unless otherwise indicated, to the parties on the

attached service list, and to all parties who may be listed for service via the E-Filing Portal but of

whom the undersigned has not received service information, on January 4, 2021.

CHARTWELL LAW
*Attorneys for Defendant*
1191 East Newport Center Drive
Penthouse Suite H
Deerfield Beach, FL  33442
Tel: (754) 227-7995
Fax: (754) 212-4170
Designated emails, per Fla.R.Jud.Admin. 2.516:
Primary: molmsted@chartwelllaw.com,
arenaldo@chartwelllaw.com
Secondary: jwelch@chartwelllaw.com


By: */s/ Anthony J. Renaldo*
    Matthew R. Olmsted, Esq
    Florida Bar No.: 36306
    Anthony J. Renaldo, Esq
    Florida Bar No.: 66251

### SERVICE LIST
Counsel for Plaintiff
Daniel M. Grissom, Esq.
SIMON TRIAL FIRM
First Citizens Bank Tower
2601 South Bayshore Dr., Ste. 1010
Miami, FL 33133
pleadings@simon-trial.com

Case 0:21-cv-60792-RAR  Document 1  Entered on FLSD Docket 04/12/2021  Page 9 of 60

CASEY C. WARD,                                 IN THE CIRCUIT COURT OF THE 17TH
                                               JUDICIAL CIRCUIT IN AND FOR
          Plaintiff,                           BROWARD COUNTY, FLORIDA

v.                                             CIRCUIT CIVIL DIVISION

ARAMARK UNIFORM & CAREER                       CASE NO.:    CACE-20-020359
APPAREL, LLC,

          Defendant.
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSIONS

Plaintiff, CASEY C. WARD, by and through his undersigned counsel and pursuant to Florida Rule 1.370, responds to Defendant, ARAMARK UNIFORM & CAREER APPAREL, LLC, Request for Admissions directed to Plaintiffs, and state as follows:

1.    Please admit that the amount in controversy in this matter exceeds $75,000.00.

**RESPONSE: Plaintiff objects to this request as it seeks information which violates attorney-client privilege, and is not a proper topic for a request for admission as it does not seek an admission of law or fact designed to narrow or simplify the issues for trial, nor is it a material evidentiary issue in this case and is not calculated to lead to the discovery of admissible evidence. Furthermore, this request seeks to reveal attorney mental impressions and therefore violates the attorney work product privilege.**

2.    Please admit that the amount in controversy in this matter does not exceed $75,000.00.

**RESPONSE: Plaintiff objects to this request as it seeks information which violates attorney-client privilege, and is not a proper topic for a request for admission as it does not seek an admission of law or fact designed to narrow or simplify the issues for trial, nor is it a material evidentiary issue in this case and is not calculated to lead to the discovery of admissible evidence. Furthermore, this request seeks to reveal attorney mental impressions and therefore violates the attorney work product privilege.**

3.      Please admit that the named Plaintiff, Casey Ward, is a resident of the State of Florida.

**RESPONSE: Admit.**

4.      Please admit that Aramark Uniform & Career Apparel, LLC, is incorporated in the State of Delaware.

**RESPONSE: Plaintiff objects to this request as it is not a proper topic for a request for admission as it does not seek an admission of law or fact designed to narrow or simplify the issues for trial, nor is it a material evidentiary issue in this case and is not calculated to lead to the discovery of admissible evidence.  However, subject to and without waiving these objections, Plaintiff is unable to admit or deny this request as this information is unknown to him.**

5.      Please admit that Aramark Uniform & Career Apparel, LLC, is not incorporated in the State of Florida.

**RESPONSE: Plaintiff objects to this request as it is not a proper topic for a request for admission as it does not seek an admission of law or fact designed to narrow or simplify the issues for trial, nor is it a material evidentiary issue in this case and is not calculated to lead to the discovery of admissible evidence.  However, subject to and without waiving these objections, Plaintiff is unable to admit or deny this request as this information is unknown to him.  Plaintiff does admit that the Defendant is registered on Sunbiz as a foreign corporation.**

6.      Please admit that the principal place of business for Aramark Uniform & Career Apparel, LLC, is located in the State of California.

**RESPONSE: Plaintiff objects to this request as it is not a proper topic for a request for admission as it does not seek an admission of law or fact designed to narrow or simplify the issues for trial, nor is it a material evidentiary issue in this case and is not calculated to lead to the discovery of admissible evidence.  However, subject to and without waiving these objections, Plaintiff is unable to admit or deny this request as this information is unknown to him.**

*CASEY C. WARD v. ARAMARK UNIFORM & CAREER APPAREL, LLC*
*CASE NO.:  CACE-20-020359*

7.    Please admit that the principal place of business for Aramark Uniform & Career Apparel, LLC, is not located in the State of Florida.

**RESPONSE: Plaintiff objects to this request as it is not a proper topic for a request for admission as it does not seek an admission of law or fact designed to narrow or simplify the issues for trial, nor is it a material evidentiary issue in this case and is not calculated to lead to the discovery of admissible evidence.  However, subject to and without waiving these objections, Plaintiff is unable to admit or deny this request as this information is unknown to him.**

8.    Please admit that the incident that forms the basis of the Complaint occurred in Broward County, Florida.

**RESPONSE: Admit.**

[CERTIFICATE OF SERVICE IS ON THE FOLLOWING PAGE]

*CASEY C. WARD v. ARAMARK UNIFORM & CAREER APPAREL, LLC*
*CASE NO.: CACE-20-020359*

## <u>CERTIFICATE OF SERVICE</u>

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served via E-Mail this 3<u>rd</u> day of February, 2021: **Matthew R. Olmsted, Esq., and Anthony J. Renaldo, Esq.,** *Attorneys for the Defendant*, Aramark Uniform & Career Apparel, LLC, Chartwell Law, 1191 East Newport Center Drive, Penthouse Suite H, Deerfield Beach, Florida 33442: Telephone: (754) 227-7995/Facsimile: (754) 212-4170; E-mail Designations: molmsted@chartwelllaw.com; arenaldo@chartwelllaw.com; jwelch@chartwelllaw.com

> **SIMON TRIAL FIRM**
> *Attorneys for Plaintiff*
> First Citizens Bank Tower
> 2601 South Bayshore Drive
> Suite 1010
> Miami, Florida 33133
> Telephone: (305) 375-6500
> Facsimile:   (305) 375-0388
> Email: pleadings@simon-trial.com
>
> By:      */s/ Daniel M. Grissom*
> RONALD M. SIMON, ESQ.
> Florida Bar No.: 165262
> DANIEL M. GRISSOM, ESQ.
> Florida Bar No.: 0008656

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY,
FLORIDA

CASE NO. CACE-20-020359

CASEY C. WARD,

        Plaintiff,

v.

ARAMARK UNIFORM & CAREER
APPAREL, LLC,

        Defendant.

_____/

## DEFENDANT'S, MOTION TO OVERRULE OBJECTIONS AND COMPEL RESPONSES TO REQUESTS FOR ADMISSION

COMES NOW, the Defendant, Aramark Uniform & Career Apparel, LLC, (hereinafter "Defendant"), by and through its undersigned counsel and files this, its motion to overrule objections and compel responses to requests for admissions and as grounds therefore states as follows:

1.     Plaintiff filed a Complaint on December 4, 2020, alleging the minimal jurisdiction amount of $30,000.00.

2.     The Complaint was served on December 9, 2020, and Defendant filed its Answer ad Affirmative Defenses on December 29, 2020.

3.     Thereafter, Defendant served requests for admissions to Plaintiff on January 4, 2021. See attached hereto and incorporated herein as Exhibit "A" Defendant's request for admissions to Plaintiff.

4.     Plaintiff responded to the requests on February 3, 2021. See attached hereto and incorporated herein as Exhibit "B" Plaintiff's response to Defendant's request for admissions. In

his response, Plaintiff objected to specific admissions in a clear attempt to avoid establishing the

jurisdictional amount in controversy that would allow Defendant to determine if the case was able

to be removed to Federal Court.[1] Specifically:

> 1.      "Please admit that the amount in controversy in this matter exceeds $75,000.00.
>
> RESPONSE: Plaintiff objects to this request as it seeks information which violates attorney-client privilege, and is not proper topic for a request for admission as it does not seek an admission of law or fact designed to narrow or simply the issues for trial, nor is it a material evidentiary issue in this case and is not calculated to lead to the discovery of admissible evidence. Furthermore, this request seeks to reveal attorney mental impressions and therefore violates the attorney work product privilege.
>
> 2.      Please admit that the amount in controversy in this matter does not exceed $75,000.00.
>
> RESPONSE: Plaintiff objects to this request as it seeks information which violates attorney-client privilege, and is not proper topic for a request for admission as it does not seek an admission of law or fact designed to narrow or simply the issues for trial, nor is it a material evidentiary issue in this case and is not calculated to lead to the discovery of admissible evidence. Furthermore, this request seeks to reveal attorney mental impressions and therefore violates the attorney work product privilege."

5.      Plaintiff's objections are not supported by relevant case law and should be

overruled. Florida state courts have required plaintiffs to respond to requests for admissions that

seek to establish federal diversity jurisdiction. In *Jackson v. St Jude Med. Neuromodulation Div.*,

---

[1] A defendant may remove a civil case from state court provided the case could have been brought in federal court. See *28 U.S.C. § 1441(a)*. Federal courts have original jurisdiction if there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. See *28 U.S.C. § 1332(a)*; *Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000)*. The party seeking removal bears the burden of establishing diversity jurisdiction as of the date of the removal. See *Moreland v. SunTrust Bank, 981 F. Supp. 2d 1210, 2013 WL 3716400, at *1 (M.D. Fla. 2013)*.

2015 U.S. Dist. LEXIS 9755 (M.D. Fla. Jan. 28, 2015), the Court ordered a plaintiff to answer requests for admissions that attempted to establish the jurisdictional amount in controversy for federal jurisdiction. The specific admission at issue asked plaintiff to admit that the amount in controversy exceeded $75,000.00. Plaintiff responded by admitting that the amount in controversy exceeded $15,000.00 (the state circuit court minimum at the time). The Court heard a motion from defendant to compel better answers to the request for admission and granted it with the threat of sanctions against the plaintiff for a failure to admit or deny the specific request.

6.      In the case at bar, Defendant is not asking for Plaintiff's counsel's mental impressions of the case nor for any privileged communications between them. Rather, Defendant is simply requiring Plaintiff to either admit or deny whether the amount in controversy exceeds the federal diversity amount. This is the equivalent of the defendant in *Jackson*. Furthermore, the request is the equivalent of Plaintiff stating in the subject Complaint that the case exceeds $30,000.00 in controversy, which Plaintiff had no issue divulging even though it would clearly fall under counsel's mental impression or attorney-client privilege objection.

WHEREFORE, the Defendant, Aramark Uniform & Career Apparel, LLC, request this Honorable Court grant its motion and grant any further relief that the court deems necessary and just.

[CERTIFICATE OF SERVICE ON FOLLOWING PAGR]

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

Florida Courts E-Filing Portal and/or email, unless otherwise indicated, to the parties on the

attached service list, and to all parties who may be listed for service via the E-Filing Portal but of

whom the undersigned has not received service information, on <u>February 19, 2021</u>.

CHARTWELL LAW
*Attorneys for Defendant*
1191 East Newport Center Drive
Penthouse Suite H
Deerfield Beach, FL  33442
Tel: (754) 227-7995
Fax: (754) 212-4170
Designated emails, per Fla.R.Jud.Admin. 2.516:
Primary: molmsted@chartwelllaw.com,
arenaldo@chartwelllaw.com
Secondary: jwelch@chartwelllaw.com


By: */s/ Anthony J. Renaldo*
    Matthew R. Olmsted, Esq
    Florida Bar No.: 36306
    Anthony J. Renaldo, Esq
    Florida Bar No.: 66251


<u>SERVICE LIST</u>
Counsel for Plaintiff
Daniel M. Grissom, Esq.
SIMON TRIAL FIRM
First Citizens Bank Tower
2601 South Bayshore Dr., Ste. 1010
Miami, FL 33133
pleadings@simon-trial.com

# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY,
FLORIDA

CASE NO. CACE-20-020359

CASEY C. WARD,

        Plaintiff,

v.

ARAMARK UNIFORM & CAREER
APPAREL, LLC,

        Defendant.

_____/

## DEFENDANT'S REQUEST FOR ADMISSIONS

Pursuant to Florida Rule of Civil Procedure §1.370, the Defendant, Aramark Uniform & Career Apparel, LLC, requests that the Plaintiff, Casey Ward, admit or deny each of the following:

1. Please admit that the amount in controversy in this matter exceeds $75,000.00.

2. Please admit that the amount in controversy in this matter does not exceed $75,000.00.

3. Please admit that the named Plaintiff, Casey Ward, is a resident of the State of Florida.

4. Please admit that Aramark Uniform & Career Apparel, LLC, is incorporated in the State of Delaware.

5. Please admit that Aramark Uniform & Career Apparel, LLC, is not incorporated in the State of Florida.

6. Please admit that the principal place of business for Aramark Uniform & Career Apparel, LLC, is located in the State of California.

7. Please admit that the principal place of business for Aramark Uniform & Career Apparel, LLC, is not located in the State of Florida.

8. Please admit that the incident that forms the basis of the Complaint occurred in Broward County, Florida.

CASE NO. 2020-011170-CA-01

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

Florida Courts E-Filing Portal and/or email, unless otherwise indicated, to the parties on the

attached service list, and to all parties who may be listed for service via the E-Filing Portal but of

whom the undersigned has not received service information, on January 4, 2021.

CHARTWELL LAW
*Attorneys for Defendant*
1191 East Newport Center Drive
Penthouse Suite H
Deerfield Beach, FL  33442
Tel: (754) 227-7995
Fax: (754) 212-4170
Designated emails, per Fla.R.Jud.Admin. 2.516:
Primary: molmsted@chartwelllaw.com,
arenaldo@chartwelllaw.com
Secondary: jwelch@chartwelllaw.com


By:  */s/ Anthony J. Renaldo*
       Matthew R. Olmsted, Esq
       Florida Bar No.: 36306
       Anthony J. Renaldo, Esq
       Florida Bar No.: 66251

## SERVICE LIST
Counsel for Plaintiff
Daniel M. Grissom, Esq.
SIMON TRIAL FIRM
First Citizens Bank Tower
2601 South Bayshore Dr., Ste. 1010
Miami, FL 33133
pleadings@simon-trial.com

# EXHIBIT "B"

CASEY C. WARD,                          IN THE CIRCUIT COURT OF THE 17TH
                                        JUDICIAL CIRCUIT IN AND FOR
     Plaintiff,                         BROWARD COUNTY, FLORIDA

v.                                      CIRCUIT CIVIL DIVISION

ARAMARK UNIFORM & CAREER                CASE NO.:    CACE-20-020359
APPAREL, LLC,

     Defendant.
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSIONS

Plaintiff, CASEY C. WARD, by and through his undersigned counsel and pursuant to Florida Rule 1.370, responds to Defendant, ARAMARK UNIFORM & CAREER APPAREL, LLC, Request for Admissions directed to Plaintiffs, and state as follows:

1.    Please admit that the amount in controversy in this matter exceeds $75,000.00.

**RESPONSE: Plaintiff objects to this request as it seeks information which violates attorney-client privilege, and is not a proper topic for a request for admission as it does not seek an admission of law or fact designed to narrow or simplify the issues for trial, nor is it a material evidentiary issue in this case and is not calculated to lead to the discovery of admissible evidence. Furthermore, this request seeks to reveal attorney mental impressions and therefore violates the attorney work product privilege.**

2.    Please admit that the amount in controversy in this matter does not exceed $75,000.00.

**RESPONSE: Plaintiff objects to this request as it seeks information which violates attorney-client privilege, and is not a proper topic for a request for admission as it does not seek an admission of law or fact designed to narrow or simplify the issues for trial, nor is it a material evidentiary issue in this case and is not calculated to lead to the discovery of admissible evidence. Furthermore, this request seeks to reveal attorney mental impressions and therefore violates the attorney work product privilege.**

*CASEY C. WARD v. ARAMARK UNIFORM & CAREER APPAREL, LLC*
*CASE NO.: CACE-20-020359*

3.      Please admit that the named Plaintiff, Casey Ward, is a resident of the State of Florida.

**RESPONSE: Admit.**

4.      Please admit that Aramark Uniform & Career Apparel, LLC, is incorporated in the State of Delaware.

**RESPONSE: Plaintiff objects to this request as it is not a proper topic for a request for admission as it does not seek an admission of law or fact designed to narrow or simplify the issues for trial, nor is it a material evidentiary issue in this case and is not calculated to lead to the discovery of admissible evidence.  However, subject to and without waiving these objections, Plaintiff is unable to admit or deny this request as this information is unknown to him.**

5.      Please admit that Aramark Uniform & Career Apparel, LLC, is not incorporated in the State of Florida.

**RESPONSE: Plaintiff objects to this request as it is not a proper topic for a request for admission as it does not seek an admission of law or fact designed to narrow or simplify the issues for trial, nor is it a material evidentiary issue in this case and is not calculated to lead to the discovery of admissible evidence.  However, subject to and without waiving these objections, Plaintiff is unable to admit or deny this request as this information is unknown to him.  Plaintiff does admit that the Defendant is registered on Sunbiz as a foreign corporation.**

6.      Please admit that the principal place of business for Aramark Uniform & Career Apparel, LLC, is located in the State of California.

**RESPONSE: Plaintiff objects to this request as it is not a proper topic for a request for admission as it does not seek an admission of law or fact designed to narrow or simplify the issues for trial, nor is it a material evidentiary issue in this case and is not calculated to lead to the discovery of admissible evidence.  However, subject to and without waiving these objections, Plaintiff is unable to admit or deny this request as this information is unknown to him.**

7.     Please admit that the principal place of business for Aramark Uniform & Career Apparel, LLC, is not located in the State of Florida.

**RESPONSE: Plaintiff objects to this request as it is not a proper topic for a request for admission as it does not seek an admission of law or fact designed to narrow or simplify the issues for trial, nor is it a material evidentiary issue in this case and is not calculated to lead to the discovery of admissible evidence.  However, subject to and without waiving these objections, Plaintiff is unable to admit or deny this request as this information is unknown to him.**

8.     Please admit that the incident that forms the basis of the Complaint occurred in Broward County, Florida.

**RESPONSE: Admit.**

[CERTIFICATE OF SERVICE IS ON THE FOLLOWING PAGE]

*CASEY C. WARD v. ARAMARK UNIFORM & CAREER APPAREL, LLC*
*CASE NO.: CACE-20-020359*

## <u>CERTIFICATE OF SERVICE</u>

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served via E-Mail this 3<u>rd</u> day of February, 2021: **Matthew R. Olmsted, Esq., and Anthony J. Renaldo, Esq.,** *Attorneys for the Defendant*, Aramark Uniform & Career Apparel, LLC, Chartwell Law, 1191 East Newport Center Drive, Penthouse Suite H, Deerfield Beach, Florida 33442: Telephone: (754) 227-7995/Facsimile: (754) 212-4170; E-mail Designations: molmsted@chartwelllaw.com; arenaldo@chartwelllaw.com; jwelch@chartwelllaw.com

> **SIMON TRIAL FIRM**
> *Attorneys for Plaintiff*
> First Citizens Bank Tower
> 2601 South Bayshore Drive
> Suite 1010
> Miami, Florida 33133
> Telephone: (305) 375-6500
> Facsimile:  (305) 375-0388
> Email: pleadings@simon-trial.com
>
> By:     */s/ Daniel M. Grissom*
> RONALD M. SIMON, ESQ.
> Florida Bar No.: 165262
> DANIEL M. GRISSOM, ESQ.
> Florida Bar No.: 0008656

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. <u>CACE20020359</u>   DIVISION <u>03</u>   JUDGE <u>Nicholas Lopane</u>

**Casey C. Ward**

Plaintiff(s) / Petitioner(s)

v.

**Aramark Uniform & Career Apparel, LLC,**

Defendant(s) / Respondent(s)

_____/

## <u>ORDER ON DEFENDANT'S MOTION TO OVERRULE OBJECTIONS AND COMPEL BETTER ANSWERS TO REQUEST FOR ADMISSIONS</u>

THIS CAUSE having come before the Court and having heard argument of counsel for the respective parties hereto, and the Court being fully advised in the premises, it is hereby,

ORDERED AND ADJUDGED that the motion is GRANTED. Plaintiff will have twenty (20) days from February 23, 2020, to file an answer to request for admission number 1 and 2.

**DONE** and **ORDERED** in Chambers, at Broward County, Florida on <u>03-03-2021</u>.

CACE20020359 03-03-2021 7:40 AM

<u>CACE20020359 03-03-2021 7:40 AM</u>
Hon. Nicholas Lopane
**CIRCUIT JUDGE**
Electronically Signed by Nicholas Lopane

**Copies Furnished To:**
Anthony Renaldo , E-mail : jwelch@chartwelllaw.com
Anthony Renaldo , E-mail : arenaldo@chartwelllaw.com
Matt Olmsted, Esq. , E-mail : molmsted@chartwelllaw.com
Ronald M. Simon , E-mail : blamb@simon-trial.com
Ronald M. Simon , E-mail : pleadings@simon-trial.com
Ronald M. Simon , E-mail : michelle@simon-trial.com

CASEY C. WARD,                                       IN THE CIRCUIT COURT OF THE 17TH
                                                     JUDICIAL CIRCUIT IN AND FOR
      Plaintiff,                              BROWARD COUNTY, FLORIDA

v.                                                   CIRCUIT CIVIL DIVISION

ARAMARK UNIFORM & CAREER                             CASE NO.:    CACE-20-020359
APPAREL, LLC,

      Defendant.
_____/

### PLAINTIFF'S BETTER RESPONSES TO DEFENDANT'S REQUEST FOR ADMISSIONS NOS. 1 AND 2

Plaintiff, CASEY C. WARD, by and through his undersigned counsel, hereby better responds to Defendant, ARAMARK UNIFORM & CAREER APPAREL, LLC, Request for Admissions directed to Plaintiff, and states as follows:

1.    Please admit that the amount in controversy in this matter exceeds $75,000.00.

**RESPONSE: Denied as phrased.  There is no way to determine the amount in controversy as liability has not been determined.**

2.    Please admit that the amount in controversy in this matter does not exceed $75,000.00.

**RESPONSE: Denied as phrased.  There is no way to determine the amount in controversy as liability has not been determined.**

### [CERTIFICATE OF SERVICE IS ON THE FOLLOWING PAGE]

## <u>CERTIFICATE OF SERVICE</u>

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served via E-Mail this <u>15</u><sup>th</sup> day of March, 2021: **Matthew R. Olmsted, Esq., and Anthony J. Renaldo, Esq.,** *Attorneys for the Defendant*, Aramark Uniform & Career Apparel, LLC, Chartwell Law, 1191 East Newport Center Drive, Penthouse Suite H, Deerfield Beach, F 33442: Telephone: (754) 227-7995/Facsimile:   (754)   212-4170;   E-mail   Designations:   molmsted@chartwelllaw.com; arenaldo@chartwelllaw.com; jwelch@chartwelllaw.com

> **SIMON TRIAL FIRM**
> *Attorneys for Plaintiff*
> First Citizens Bank Tower
> 2601 South Bayshore Drive
> Suite 1010
> Miami, Florida 33133
> Telephone: (305) 375-6500
> Facsimile:   (305) 375-0388
> Email: pleadings@simon-trial.com
>
> By:   */s/ Daniel M. Grissom*
> RONALD M. SIMON, ESQ.
> Florida Bar No.: 165262
> DANIEL M. GRISSOM, ESQ.
> Florida Bar No.: 0008656

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND
FOR   BROWARD   COUNTY,
FLORIDA

CASE NO. CACE-20-020359

CASEY C. WARD,

        Plaintiff,

v.

ARAMARK   UNIFORM   &   CAREER
APPAREL, LLC,

        Defendant.

_____/

## DEFENDANT'S, ARAMARK UNIFORM & CAREER APPAREL, LLC, ANSWER AFFIRMATIVE DEFENSES, AND DEMAND FOR TRIAL BY JURY

COMES NOW, the Defendant, Aramark Uniform & Career Apparel, LLC, (hereinafter "Defendant"), by and through its undersigned counsel, and hereby files its Answer, Affirmative Defenses, and Demand for Trial by Jury, and as grounds therefore states as follows:

1. Defendant denies the allegations contained within paragraph 1, 4, 7, 8, and 9 of the Complaint.

2. Defendant admits the allegations contained within paragraph 3 and 6 of the Complaint.

3. Defendant is without knowledge as to the allegations contained within paragraph 2 of the Complaint and must therefore deny same.

4. As to the allegations contained within paragraph 5 of the Complaint, Defendant admits that there was a report of an incident on December 12, 2019, involving the Plaintiff on the subject premises. Defendant denies the remaining allegations contained within paragraph 5 of the Complaint.

5.  Defendant denies each and every allegation of the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.      As a first Affirmative Defense, Defendant would state that it is not liable.

2.      As a second and further Affirmative Defense, Defendant would state that if Plaintiff was injured as alleged, Plaintiff acted and/or failed to act in such a manner as to cause all or part of his damages, if any, and Plaintiff proximately caused and/or contributed to his own injury, and therefore, Plaintiff is barred from recovery, or in the alternative, any award rendered to the Plaintiff would be reduced by the amount of his own negligence, according to the principles of comparative negligence.  Furthermore, to the extent Plaintiff was under the influence of any alcoholic beverage or drug and was more than 50% at fault for his own harm, Plaintiff's claim would be barred by § 768.36, Florida Statutes.

3.      As a third and further Affirmative Defense, Defendant would state that if Plaintiff was injured as alleged, he knowingly and voluntarily assumed the risk and the injury complained of, and is therefore barred from recovery as a matter of law.

4.      As a fourth and further Affirmative Defense, Defendant would state that Plaintiff's recovery, if any, should be reduced pursuant to Florida Statutes § 768.81, based upon the percentage of fault attributed to any Co-Defendant or any non-party who is found to be at fault for the accident alleged by the Plaintiff.

5.      As a fifth and further Affirmative Defense, although this Defendant neither affirms nor adopts the allegations in Plaintiff's Complaint, if the Plaintiff is successful at trial, any damages awarded to the Plaintiff may be due to the sole and/or contributory negligence of third parties or non-parties over whom this Defendant had no control, and these Defendants are entitled to have

any verdict awarded by the jury to the Plaintiff apportioned to each responsible party in accordance with the **Fabre** and **Nash** decisions.

6.     As a sixth and further Affirmative Defense, this Defendant affirmatively asserts that all or part of Plaintiff's damages herein were partially or totally caused by non-parties, third parties, or persons over whom the Defendant had no dominion or control and, therefore, the Defendant seeks entitlement to the defenses and privileges set forth in § 768.81(3), Florida Statutes with respect to apportionment of fault principles. However, at this time such non-parties or persons are unknown to the Defendant.  Pursuant to ***Nash v. Wells Fargo***, Defendant will seek amendment to identify such non-parties or persons as soon as practicable, or in the alternative, will voluntarily withdraw the defense.

7.     That as an seventh and further Affirmative Defense, this Defendant would state that it is entitled to a set-off of any Collateral Source benefits paid or payable pursuant to Florida Statutes § 768.50, § 768.76, and any other authority permitting such set-offs.

8.     As an eighth and further Affirmative Defense, Plaintiff failed to mitigate his damages.

9.     As a ninth Affirmative Defense, the Plaintiff voluntarily used the subject premises knowing of the risks, if any, incidental to use and therefore, assumed all ordinary risks.

10.     As a tenth and further Affirmative Defense, this Defendant would state that this Defendant lacked actual or constructive knowledge of an alleged defect or dangerous condition and was not put on notice of any defect and/or hazardous condition(s); and/or the alleged defect or dangerous condition did not exist for a length of time such that this Defendant should have reasonably been aware of it.

11.     As an eleventh and further Affirmative Defense, this Defendant would state that if there was a defect and/or hazardous condition, it was open and obvious and therefore, Plaintiff's claim is barred.

12.     As a twelfth and further Affirmative Defense, this Defendant would state that the Plaintiff failed to conduct himself in a manner consistent with a reasonable adult of like age and education.

13.     As a thirteenth and further Affirmative Defense, if discovery reveals that at the time and place of the accident complained of, Plaintiff was either a trespasser or an uninvited licensee, then the Defendant would not owe Plaintiff the duty or duties alleged in the Complaint. Furthermore, Defendant is entitled to all defenses and immunities provided for in § 768.075, Florida Statutes, relating to trespassers under the influence, or discovered, or committing acts.

14.     As a fourteenth Affirmative Defense, Defendant's mode of operation/maintenance was reasonable and adequate at its premises.

15.     As a fifteenth and further Affirmative Defense, this Defendant also affirmatively asserts the benefits of all provisions of the Florida Tort Reform Act of 1986 regarding the partial abolition of the Joint and Several Liabilities Doctrine, collateral source set-off, and otherwise.

16.     As a sixteenth and further Affirmative Defense, this Defendant would state that at the time of the incident alleged in the Complaint, Plaintiff was suffering from one or more preexisting conditions which caused or contributed to causing the damages the Plaintiff is claiming herein.

17.     As a seventeenth Affirmative Defense, any disability, disfigurement, or injury claims alleged by Plaintiff are a result of preexisting conditions or were caused by a subsequent

4

injury or injuries and were not caused or aggravated by any alleged acts or negligence of third parties.

18.     As an eighteenth and further Affirmative Defense, any recovery to, or on behalf of, Plaintiff for medical related damages is limited to the amount of medical expenses for which he is legally liable.

19.     As a nineteenth and further Affirmative Defense, Plaintiff's medical bills were not reasonable and/or medically necessary. Additionally, or alternatively, the treatment and bills were not causally related to the accident, and/or were fraudulent, intentionally or artificially conducted, in a manner that should be reasonably foreseeable as a matter of law. Additionally, if Plaintiff had health insurance, he is entitled to a write-down or set-off pursuant to § 641.3154, Florida Statutes.

20.     As a twentieth and further Affirmative Defense, Defendant asserts that it is entitled to a set-off of any contractual discount of medical bills or expenses, negotiated write-off of medical bills or expenses, or negotiated agreement to pay medical bills or other expenses in the future pursuant to the law of collateral source set-off and Goble v. Frohman, 901 So. 2d 830 (Fla. 2005). Alternatively, Plaintiff is not entitled to claim bills, costs, or expenses incurred but waived or not actually incurred by the Plaintiff.

21.     As a twenty-first and further Affirmative Defense, Plaintiff has not satisfied all conditions precedent to filing this suit against the Defendant.

22.     As a twenty-second and further Affirmative Defense, Defendant avails themselves of all statutory defenses and burdens of proof required by Florida Law, FAC or Federal Law, including, but not limited to Chapters 324, 768 and 627, Florida Statutes.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury of all issues so triable as a matter of right by a jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Florida Courts E-Filing Portal and/or email, unless otherwise indicated, to the parties on the attached service list, and to all parties who may be listed for service via the E-Filing Portal but of whom the undersigned has not received service information, on <u>December 29, 2020</u>.

CHARTWELL LAW
*Attorneys for Defendant*
1191 East Newport Center Drive
Penthouse Suite H
Deerfield Beach, FL  33442
Tel: (754) 227-7995
Fax: (754) 212-4170
Designated emails, per Fla.R.Jud.Admin. 2.516:
Primary: molmsted@chartwelllaw.com,
arenaldo@chartwelllaw.com
Secondary: jwelch@chartwelllaw.com


By: */s/ Anthony J. Renaldo*
       Matthew R. Olmsted, Esq
       Florida Bar No.: 36306
       Anthony J. Renaldo, Esq
       Florida Bar No.: 66251


## SERVICE LIST

Counsel for Plaintiff
Daniel M. Grissom, Esq.
SIMON TRIAL FIRM
First Citizens Bank Tower
2601 South Bayshore Dr., Ste. 1010
Miami, FL 33133
pleadings@simon-trial.com

6

# Exhibit "B"

CASEY C. WARD,                              IN THE CIRCUIT COURT OF THE 17TH
                                            JUDICIAL CIRCUIT IN AND FOR
          Plaintiff,                        BROWARD COUNTY, FLORIDA

v..                                         CIRCUIT CIVIL DIVISION

ARAMARK UNIFORM & CAREER                    CASE NO.: CACE-20-020359
APPAREL, LLC,

          Defendant.

_____/

## CIVIL ACTION SUMMONS

          **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the
Complaint or Petition in this action on Defendant:

                         **ARAMARK UNIFORM & CAREER APPAREL, LLC**
            **By Serving:  CT Corporation System, as Registered Agent**
                         **1200 South Pine Island Road**
                         **Plantation, Florida 33324**

          Each Defendant is required to serve written defenses to the Complaint or Petition on

Date:
Plaintiff's attorney, to-wit:

Time: 12/9/2020 @ 15pm

Server: _____            **Ronald M. Simon, Esq.**
                                   **Simon Trial Firm**
ID #: _____              **2601 South Bayshore Drive**
                                   **Suite 1010**
                                   **Miami, Florida 33133**
                                   **Telephone: (305) 375-6500**
                                   **Facsimile:   (305) 375-0388**

within 20 days after service of this Summons on that Defendant, exclusive of the day of service,
and to file the original of the defenses with the Clerk of this Court, Broward County Courthouse,
201 S.E. 6th Street, Fort Lauderdale, FL 33301, either before service on Plaintiff's attorney or
immediately thereafter. If a Defendant fails to do so, a default will be entered against that
Defendant for the relief demanded in the complaint or petition.

          DATED this _____ day of ___ DEC 08 2020 ___, 2020.

                                   BRENDA D. FORMAN
                                   as Clerk of said Court

                         By:       _____
                                   As Deputy Clerk
                                   (Court Seal)

                                                        **BRENDA D. FORMAN**

Filing # 117673079 E-Filed 12/04/2020 01:14:24 PM

CASEY C. WARD,

     Plaintiff,

v.

ARAMARK UNIFORM & CAREER
APPAREL, LLC,

     Defendant.

_____

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.:

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

Plaintiff, CASEY C. WARD, by and through his undersigned counsel, and pursuant to

Florida Rule of Civil Procedure 1.370, hereby propounds the attached Request for Admissions to

Defendant, ARAMARK UNIFORM & CAREER APPAREL, LLC, to be answered in writing

within the following forty-five (45) days from the date of service of this Request.

### INSTRUCTIONS & DEFINITIONS

1.     If an objection is made, please state the reason for the objection, and specifically
deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit
or deny the matter.

2.     The terms **"you" and/or "Defendant"** refer to Defendant, ARAMARK
UNIFORM & CAREER APPAREL, LLC, and its agents, servants, and/or employees.

3.     The terms **"subject incident" and/or "Plaintiff's incident"** refer to the incident
that occurred on Defendant's premises on December 12, 2019, as set forth in the Plaintiff's
Complaint.

4.     The term **"subject premises"** shall refer to the Aramark facility located at 2351
Blount Road, Pompano Beach, Florida 33069, where the subject incident occurred on December
12, 2019.

5.     The term **"subject metal steps"** shall refer to the metal steps attached to the
warehouse at the subject premises where the incident described in the Plaintiff's Complaint
occurred.

*CASEY C. WARD v. ARAMARK UNIFORM & CAREER APPAREL, LLC*
*CASE NO.:*

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ARAMARK

1.      Admit that Defendant was in possession and control of the subject premises on the date of the subject incident.

2.      Admit that on December 12, 2019, the Defendant owned the premises at 2351 Blount Road, Pompano Beach, Florida 33069.

3.      Admit that at the time of the subject incident, the Plaintiff was at Defendant's premises as a courier for FedEx Express.

4.      Admit that on December 12, 2019, the Plaintiff slipped and fell on a set of metal steps outside the warehouse on the subject premises.

5.      Admit that on December 12, 2019, the Defendant was responsible for maintaining the subject metal steps on which the Plaintiff's incident occurred.

6.      Admit that at the time of the subject incident, the subject metal steps did not have non-skid strips on them.

7.      Admit that at the time of the subject incident, the subject metal steps did not have non-skid paint.

8.      Admit that at the time of the subject incident, the subject metal steps did not have a non-skid coating or surface treatment.

9.      Admit that at the time of the subject incident, the subject metal steps were exposed to the outside elements such as rain.

10.      Admit that at the time of the subject incident, the subject metal steps were wet.

11.      Admit that at the time of the subject incident, the subject metal steps contained mold.

12.      Admit that at the time of the subject incident, the subject metal steps contained mildew.

13.      Admit that at the time of the subject incident, the subject metal steps contained oil or grease on them.

14.      Admit that at the time of the subject incident, the subject metal steps were slippery when wet.

*CASEY C. WARD v. ARAMARK UNIFORM & CAREER APPAREL, LLC*
*CASE NO.:*

15.    Admit that at the time of the subject incident, there were no warning signs posted regarding the subject metal steps.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via

a certified process server, along with Summons, Complaint, Interrogatories and Request for

Production.

**SIMON TRIAL FIRM**
*Attorneys for Plaintiff*
First Citizens Bank Tower
2601 S. Bayshore Drive, Suite 1010
Miami, Florida 33133
Telephone: (305) 375-6500
Facsimile:   (305) 375-0388
Email: Pleadings@simon-trial.com.

By:    /s/ *Daniel M. Grissom*
       RONALD M. SIMON, ESQ.
       Florida Bar No.: 165262
       DANIEL M. GRISSOM, ESQ.
       Florida Bar No.: 008656

CASEY C. WARD,

Plaintiff,

v.

ARAMARK UNIFORM & CAREER
APPAREL, LLC,

Defendant.

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.:

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

Plaintiff, CASEY C. WARD, by and through his undersigned counsel, and pursuant to Rule

1.350 of the Florida Rules of Civil Procedure, request that Defendant, ARAMARK UNIFORM &

CAREER APPAREL, LLC, produce documents for examination, inspection and/or copying at the

law offices of the undersigned law offices, within the time and manner prescribed by the Florida

Rules of Civil Procedure.

## DEFINITIONS

As used herein, the following terms should have the meaning indicated below:

A.     **"You"** or **"your"** shall refer the Defendant corporation, individually or as an entity, and
       all other persons acting or purporting to act on its behalf, such as its directors, officers,
       agents, managers, employees, servants or representatives, and unless privileged, his
       attorneys;

B.     The term **"Document"** shall mean printed, typewritten, handwritten, or otherwise recorded
       matter of whatever character, including, but not limited to correspondence, purchase
       orders, application sheets, data sheets, memoranda, telegrams, telexes and cables, notes,
       memoranda of telephone conversations, catalogs, brochures, diaries, reports, calendars,
       notebooks, ledgers, journals and other financial records kept or maintained by you; audits,
       profit and loss statements, and other financial statements, state and federal tax returns,
       interoffice communications, statements, announcements, photographs, tape recordings,
       motion pictures, microfilms, and any carbon, photographic or other manner of copies of
       any such material that the defendant does not have custody or control of the original; all
       mechanical and electronic sound recordings and transcripts thereof, and other data
       compilations form which information can be obtained, translated, if necessary, by the party
       to whom the request is directed through detection devices into reasonably usable form;

*CASEY C. WARD v. ARAMARK UNIFORM & CAREER APPAREL, LLC*
*CASE NO.:*

C.   **"Document"** shall also mean:

    1.   Agreements, contracts, books, records, transcripts, work papers and purchase orders;

    2.   Minutes of directors or any other meetings;

    3.   Statements, lists, summaries, analyses, studies, books, desk calendars, calendars, appointment books, diaries, time sheets, logs, files and binders;

    4.   Financial statements, checks, invoices and books of account;

    5.   Any papers filed in the course of any litigation;

    6.   Graphs and copies of any of the foregoing.

D.   The terms **"occurrence"**, **"subject incident"** or **"accident"** refer to the events alleged in the Complaint which form the basis of this cause of action.

E.   The **"subject premises"** shall refer to the Aramark facility located at 2351 Blount Road, Pompano Beach, Florida 33069, where the subject incident occurred on December 12, 2019.

F.   The term **"subject metal steps"** shall refer to the metal steps attached to the warehouse at the subject premises where the incident described in the Plaintiff's Complaint occurred.

*CASEY C. WARD v. ARAMARK UNIFORM & CAREER APPAREL, LLC*
*CASE NO.:*

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

1.      Any and all statements of the Plaintiff revealing knowledge of facts relevant or material to the claims and defenses in the instant litigation.

2.      Any and all statements of any other witnesses, eyewitnesses, employees or other persons regarding the subject accident or the events and circumstances surrounding the subject accident.

3.      Any and all statements of any of Plaintiff's co-workers, supervisors and/or other employees or representatives from FedEx Express regarding the subject incident.

4.      All photographs and/or videotape in the possession of the Defendant, its agents, servants, employees and/or attorneys regarding the incident, the incident scene and/or of the subject metal steps involved in the subject incident.

5.      Any and all photographs or video depicting the area of incident at Defendant's premises on the day of Plaintiff's incident for a period of two (2) hours before the Plaintiff's incident and one (1) hour after the incident.

6.      The entire video from any security cameras located on Defendant's premises which recorded on the date of Plaintiff's incident the presence of the Plaintiff at the subject premises, the incident itself, and/or the subject metal steps at or near the time of the incident.

7.      Any and all photographs or video depicting the location of any warning signs, cones, barricades or barriers which Defendant claims were posted in the area where the subject incident occurred *prior to* the occurrence of the subject incident.

8.      Copy of the incident or accident report prepared in response to Plaintiff's incident, including any notes, emails, investigation, and/or **photographs** prepared with or as part of the incident report itself.

9.      A blank copy of the incident report form, not specific to any case, which was used by Defendant in response to any incidents/accidents occurring on the subject premises.

10.     Any and all incident/accident reports, incident logs, injury reports, or other records regarding other incidents/accidents during the three (3) years preceding Plaintiff's incident at the subject premises and/or on the subject metal steps.

11.     Any and all incident/accident reports, incident logs, injury reports, or other records regarding other incidents/accidents during the one (1) year subsequent to the Plaintiff's incident, that have occurred at the subject premises and/or on the subject metal steps.

12.     Any and all policies and procedures designed to discover and/or prevent potential hazards and/or dangerous conditions on Defendant's premises in effect at the time of Plaintiff's incident.

*CASEY C. WARD v. ARAMARK UNIFORM & CAREER APPAREL, LLC*
*CASE NO.:*

13.     Any and all policies and procedures for the cleaning, maintenance and/or inspection of the subject metal steps in effect at the time of Plaintiff's incident.

14.     Any and all records, checklists, logs and/or maintenance records for any cleaning, repair, maintenance or inspections performed on the subject metal steps for a period of forty-eight (48) hours *before* the Plaintiff's incident and for forty-eight (48) hours *subsequent* to the Plaintiff's incident.

15.     Any and all records, logs, reports, repair records and/or maintenance records for subject metal steps for a period of three (3) years before the subject incident and for a period of one (1) after the subject incident.

16.     Any and all records regarding the original design, manufacture, purchase and/or installation of the subject metal steps.

17.     Any and all records regarding any changes or modifications made to the subject metal steps for a period of three (3) years before the subject incident and for a period of one (1) after the subject incident.

18.     Any and all records regarding the application of any paint, non-skid strips, non-skid surface applications and/or treatment to the subject metal steps for a period of three (3) years before the subject incident and for a period of one (1) after the subject incident

19.     Any and all safety manuals and/or brochures, training films and/or manuals, pamphlets, posters, websites, disks, and/or video films (or an equivalent transcript) provided to Defendant's employees, servants, and agents during the two (2) years prior to Plaintiff's incident and one (1) year post Plaintiff's incident concerning accident or incident prevention at the subject premises.

20.     Any and all safety manuals and/or brochures, training films and/or manuals, pamphlets, posters, websites, disks, video films (or an equivalent transcript), provided to Defendant's employees, servants, and agents during the two (2) years prior to Plaintiff's incident and one (1) year post Plaintiff's incident concerning safety, accident investigations, and injuries sustained by employees and/or guests on the subject premises.

21.     A Table of Contents or index for all risk manuals, policy and procedures materials, and employee trainings material that existed at the time of Plaintiff's incident.

22.     Copies of the minutes and/or notes taken during any safety meetings and trainings which reference the subject metal steps during the one (1) year prior to Plaintiff's incident and one (1) year post Plaintiff's incident.

23.     Copies of the minutes and/or notes taken during any safety meetings and trainings where the Plaintiff's incident was discussed.

*CASEY C. WARD v. ARAMARK UNIFORM & CAREER APPAREL, LLC*
*CASE NO.:*

24.     Any and all regularly kept documents, such as a time clock or shift sheet, which shows which employees, managers and agents having any knowledge of any matter regarding Plaintiff's incident or who worked in and/or near the area of the subject incident on the day of Plaintiff's incident.

25.     Any diagrams, layouts or blueprints of the area on Defendant's premises where the subject metal steps are located as it existed on the date of the subject incident.

26.     Any and all insurance policies providing benefits or coverage to Defendant for any claimed injury or damage from the subject incident or occurrence.

27.     Any and all demands for indemnification or defense sent by Defendant, its agents, representatives and/or attorneys to any third-parties for the claims asserted by the Plaintiff in this case or received by the Defendant, its agents, representatives and/or attorneys from any third-parties for the claims asserted by the Plaintiff in this case.

28.     Any and all surveillance photographs or video of the Plaintiff taken subsequent to the subject incident.

29.     Any and all records regarding the lease and/or ownership of the subject premises on the date of the subject incident.

**As grounds for the foregoing Requests, Plaintiff is unable, without undue hardship, to obtain the substantial equivalent of same by other means.**

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via a certified process server, along with Summons, Complaint, Interrogatories and Request for Admissions.

**SIMON TRIAL FIRM**
*Attorneys for Plaintiff*
First Citizens Bank Tower
2601 S. Bayshore Drive, Suite 1010
Miami, Florida 33133
Telephone: (305) 375-6500
Facsimile:   (305) 375-0388
Email: Pleadings@simon-trial.com

By:     */s/ Daniel M. Grissom*
RONALD M. SIMON, ESQ.
Florida Bar No.: 165262
DANIEL M. GRISSOM, ESQ.
Florida Bar No.: 008656

Filing # 117673079 E-Filed 12/04/2020 01:14:24 PM

CASEY C. WARD,

Plaintiff,

v.

ARAMARK UNIFORM & CAREER
APPAREL, LLC,

Defendant.

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.:

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Plaintiff, CASEY C. WARD, by and through his undersigned counsel, hereby propounds

the attached First Set of Interrogatories to the Defendant, ARAMARK UNIFORM & CAREER

APPAREL, LLC, and requests the same be answered separately and fully in writing under oath,

within the time and manner prescribed by the Florida Rules of Civil Procedure.

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via a

certified process server along with the Summons, Complaint, Request for Production, and Request

for Admissions.

**SIMON TRIAL FIRM**
*Attorneys for Plaintiff*
First Citizens Bank Tower
2601 S. Bayshore Drive
Suite 1010
Miami, Florida 33133
Telephone: (305) 375-6500
Facsimile: (305) 375-0388
Email: Pleadings@simon-trial.com.

By:     */s/ Daniel M. Grissom*
RONALD M. SIMON, ESQ.
Florida Bar No.: 165262
DANIEL M. GRISSOM, ESQ.
Florida Bar No.: 0008656

*CASEY C. WARD v. ARAMARK UNIFORM & CAREER APPAREL, LLC*
*CASE NO.:*

## INSTRUCTIONS

A. The incident referred to in these interrogatories is the one alleged by Plaintiff to be the basis of the claim described within Plaintiff's Complaint.

B. These interrogatories are requesting the information of Defendant, Defendant's agents, servants, employees, investigators, contractors, attorneys and insurance carriers.

C. These interrogatories shall apply to any corporate structure, alias, other or alternate corporate identity Defendant has been known by during the last ten (10) years.

D. Please be advised, the person who is chosen by Defendant as the person to answer these interrogatories SHALL BE DEPOSED and is, by virtue of answering this discovery, made a witness in this cause of action.

E. For every question whose response contains the name of a person, *please provide the last known address and phone number for the person in your response*.

F. The term **"subject premises"** shall refer to the Aramark facility located at 2351 Blount Road, Pompano Beach, Florida 33069, where the subject incident occurred on December 12, 2019.

G. The term **"subject metal steps"** shall refer to the metal steps attached to the warehouse at the subject premises where the incident described in the Plaintiff's Complaint occurred.

H. The terms **"you"** or **"your"** shall refer to the Defendant corporation, its officers, directors, agents, employees, contractors and/or representatives.

*CASEY C. WARD v. ARAMARK UNIFORM & CAREER APPAREL, LLC*
*CASE NO.:*

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT ARAMARK

1. State the name and address of the person answering these Interrogatories, the person's official position or relationship with the party to whom these Interrogatories are directed, and state whether this Defendant was properly identified by name in Plaintiff's Complaint. If it is your contention that this Defendant was not properly named in Plaintiff's Complaint, please provide the correct legal name of the Defendant corporation.

2. State the full legal name and address of the entity or entities having any legal or equitable ownership interest in the premises at 2351 Blount Road, Pompano Beach, Florida 33069, on December 12, 2019. If the premises were leased at the time, then state the full name and address of all lessees and lessors of the premises at the time.

3. List the name(s), title(s)/position(s), address(es), and telephone number(s) of each person(s) who are believed or known by Defendant, Defendant's agent(s) and/or attorney(s), to have any knowledge concerning any of the issues in this lawsuit specifying the subject matter about which the witness has knowledge, including but not limited to person(s) who: filled out any reports whatsoever related to this incident; spoke to Plaintiff to obtain information about the subject incident; took photographs of the scene; and/or preserved any video.

4.    Have you heard or do you know about any statement or remark made by or on behalf of the Plaintiff concerning any issue in this lawsuit? If so, state the name and address of each person who heard or witnessed the statement or statements, and the date, time, place and substance of each statement.

5.    State the name and address of every person known to you, your agents, or attorneys who has knowledge about, or possession, custody, or control of any model, plat, map, drawing, motion picture, video tape, or photograph, or surveillance moving images pertaining to any fact or issue involved in this controversy; and describe as to each, what such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

6.    Describe in detail how the incident described in the Complaint occurred, including all actions taken by you or any employee or agent to prevent the incident.

7.    Describe in detail each act or omission on the part of any party to this lawsuit which you contend constituted negligence that was a contributing legal cause of the injuries claimed in this lawsuit.

8. List the names, addresses and telephone numbers of any and all individuals working on behalf of the Defendant at or near the area where the subject incident occurred, including but not limited to any individuals working at or near the warehouse exit where the subject metal steps are located and/or any individuals who interacted with the Plaintiff on the date of the subject incident. For each individual listed, state their title and/or position at the time, the name and address of the individual's employer, and state whether they were an eyewitness to the Plaintiff's incident.

9. On the date of the subject incident, did anyone inspect the subject metal steps before or after the Plaintiff's fall? If so, state the name, address and telephone number of each person who inspected the subject metal steps on behalf of the Defendant, the time of this inspection in relation to the Plaintiff's fall (in hours, minutes and/or seconds), and state whether any photographs were taken of the metal steps as they existed at or near the time of the Plaintiff's incident.

10. If Defendant contends any person or entity, other than itself, is or may be liable in whole or in part for the claims asserted against Defendant in this lawsuit, then please provide the following:

   a. Identify by full name and address of each such person or entity;

   b. the legal basis for Defendant's contention as to each person or entity identified above;

   c.  a description of the facts and/or or evidence upon which Defendant's contention above is based as to each person or entity; and

   d.  whether the Defendant, or anyone acting on its behalf, has notified each such person or entity of this contention.

11.    Has any other employee or invitee been caused to slip and fall at the subject premises, including but not limited to the subject metal steps, during the three (3) years *prior* to and one (1) year *since* the subject incident? If so, please provide a list with the following information:

   a.  the name(s), address(es), and telephone number(s) of the person(s) involved in the related incident;

   b.  the date of said incident(s); and

   c.  the condition alleged to have caused the employee or customer to slip and fall.

12.    Were there any warning signs posted in the area where Plaintiff slipped at the time of the subject incident? If so, describe the exact location of the warning sign, the color and dimensions of the warning sign, and state the name and address of each and every person with knowledge that the sign was present at the time of the Plaintiff's incident.

13.    Is there any video footage of the subject incident involving the Plaintiff and/or of the subject metal steps at or near the time of Plaintiff's incident? If so, please state whether the video footage was preserved, the total amount of footage preserved (in hours, minutes and/or seconds), and the names and addresses of all persons who preserved the footage.

*CASEY C. WARD v. ARAMARK UNIFORM & CAREER APPAREL, LLC*
*CASE NO.:*

14. If no video was preserved, please explain why, and state the name and address of the person or persons who decided not to preserve and/or who determined that video could or should not be preserved.

15. State whether, at the time of Plaintiff's incident, Defendant had in place any policy and/or procedure(s) designed to prepare a report for any and all accidents/incidents occurring on Defendant's premises.  If so, please state whether an accident/incident report was prepared after the subject incident; the date and time of when the accident/incident report was generated; the name(s) and last known address of Defendant's agent(s) and/or employee(s) who completed a written accident/incident report for the subject incident; whether any photographs were taken as part of the report;  and whether the identified accident/incident report contains a statement from Plaintiff and/or is signed by Plaintiff.

16. Please state whether Defendant, or anyone on its behalf, conducted a post-incident investigation of the incident or the steps on which the Plaintiff's incident occurred, and if so, state the date(s) of this investigation and provide a detailed explanation of what the post-incident investigation revealed as to how the incident occurred.

*CASEY C. WARD v. ARAMARK UNIFORM & CAREER APPAREL, LLC*
*CASE NO.:*

17. If Defendant took/captured post-incident photographs of the area or the steps where Plaintiff's incident occurred as it existed at the time of the incident or thereafter and/or of Plaintiff, please provide the number of photographs in Defendant's possession, the name and title/position of the person who took/captured said photographs; and the name(s), and title(s)/position(s), of any and all person(s) who are currently in possession of the originals and/or copies of said photographs.

18. Is the Defendant aware of any eyewitnesses to the incident involving the Plaintiff? If so, state the name, address and telephone number of any eyewitnesses, whether this Defendant or anyone acting on its behalf has taken a statement from the eyewitness, the date on which the statement was taken, whether the statement was written or recorded in any way, and state the substance of the statement.

19. State whether, at the time of Plaintiff's incident, Defendant had in place any policy and/or procedure(s) designed to discover potential slip/trip/fall hazards and/or dangerous conditions on its premises. If so, please provide:

    a. a general description of each said policy, procedure, training, and/or program;

    b. state whether said policies and/or procedures included the subject metal steps where the Plaintiff's incident occurred;

    c. the name(s) of the employee(s) and/or agent(s) responsible for implementing, overseeing, and/or performing said policy, procedure, training, and/or program, on the date of the subject incident;

    d. an explanation of how said policy, procedure, training, and/or program is conveyed by Defendant to the employee(s) and/or agent(s) carrying out the responsibility; and

    e.  a detailed description of how Defendant ensures and/or oversees that said employee(s) and/or agent(s) adhere to said policy, procedure, training, and/or program (i.e. sweep sheets, inspection logs, etc.)

20.    State the date on which the subject metal steps were originally installed at the subject premises. Describe, in detail, any paint, surface treatments and/or non-skid applications applied to the subject metal steps prior to the date of the subject incident, as well as the dates on which each was applied.

21.    Subsequent to the subject incident, were any changes or modifications made to the subject metal steps in response to the Plaintiff's incident? If so, state the date(s) on which any change or modification was made, the name and address of all persons or entities making the change or modification, and describe the nature of the change or modification made. If you contend that these changes or modifications were not made in response to the Plaintiff's incident, then please explain why they were made.

22.    State the *__facts__* upon which you rely for each affirmative defense in your Answer.

23. List the name and address of Defendant's corporate representative and/or employee with the most knowledge as to the following subjects; if said corporate representatives or employees are different people, please name each individually:

   a. maintenance and/or inspection of the subject premises, including the subject metal steps;

   b. previous and subsequent accidents/incidents at the subject premises, including any incidents on the subject metal steps;

   c. risk management policies and procedures;

   d. safety policies and procedures concerning the reporting of accidents/incidents;

   e. preservation of video footage and/or still images captured by camera(s) on Defendant's premises following an accident or injury;

   f. preservation of post-incident photographs of an incident scene; and

   g. agent(s), servant(s), and/or employee(s) on duty of the date of the subject incident.

24. If Defendant regularly conducts safety meetings and/or trainings, please provide a detailed explanation of the topics discussed in the safety meetings and/or trainings, the frequency of said safety meetings and/or trainings; the job title(s) of those employees who are required to attend said safety meetings and/or trainings; and the date, prior to the subject incident, that a premises supervisor attended said safety meetings and/or trainings.

*CASEY C. WARD v. ARAMARK UNIFORM & CAREER APPAREL, LLC*
*CASE NO.:*

25.   If Defendant conducted any routine or regular maintenance and/or inspections of the subject metal steps during the three (3) years before the subject incident then state the frequency of this maintenance and/or inspection, which employees or agents of the Defendant would conduct the routine or regular maintenance and/or inspection, describe the nature of the routine or regular maintenance and/or inspection, and state whether any record, report or other document was generated as a result of the routine or regular maintenance and/or inspection.

26.   Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in Plaintiff's Complaint, including any excess or umbrella coverage, and state the name of each insurer, the policy number(s), the effective date of the policy, the available limits of liability, the limits of any self-insured retention (SIR), and the name and address of the custodian of the policy.

*CASEY C. WARD v. ARAMARK UNIFORM & CAREER APPAREL, LLC*
*CASE NO.:*

**PLEASE SIGN AND NOTARIZE UNDER OATH AS TO THE COMPLETENESS AND TRUTHFULNESS OF YOUR ANSWERS.**

**Please be advised, the person who is chosen by Defendant as the person to answer these interrogatories SHALL BE DEPOSED and is, by virtue of answering this discovery, made a witness in this cause of action.**

_____

Affiant

STATE OF _____

SS

COUNTY OF _____

I HEREBY CERTIFY, on this day, before me, an officer duly authorized in the State and County aforementioned     to     take     acknowledgments,     personally     appeared, _____, who is personally known to me or produced _____ as identification, and who is the same individual described herein and who executed the foregoing and he/she acknowledged before me that he/she executed the same.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20____.

SEAL:

_____
NOTARY PUBLIC,
State of Florida

Filing # 117673079 E-Filed 12/04/2020 01:14:24 PM

CASEY C. WARD,

Plaintiff,

v.:

ARAMARK UNIFORM & CAREER
APPAREL, LLC,

Defendant.

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.:

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, CASEY C. WARD, by and through his undersigned attorneys, hereby sues the
Defendant, ARAMARK UNIFORM & CAREER APPAREL, LLC (hereinafter referred to as
"ARAMARK"), and alleges as follows:

1.      This is an action for damages in excess of Thirty Thousand Dollars ($30,000.00),
not inclusive of attorney's fees, interest and costs.

2.      At all times material hereto, the Plaintiff, CASEY C. WARD, was and is a resident
of Broward County, Florida, over the age of eighteen, and is otherwise *sui juris*.

3.      At all times material hereto, the Defendant, ARAMARK, was and is a foreign
limited liability company authorized to and doing business in Broward County, Florida, as a
uniform and workplace supply company with a business address of 2351 Blount Road, Pompano
Beach, Florida 33069.

4.      At all times material hereto, the Defendant, ARAMARK, owned, possessed,
managed, controlled and/or maintained the business premises at 2351 Blount Road, Pompano
Beach, Florida 33069 (hereinafter referred to as "the subject premises").

5.      On or about December 12, 2019, the Plaintiff, CASEY C. WARD, while working
in his capacity as a courier for FedEx Express, was lawfully on the subject premises of the

Defendant as an invitee when he was caused to slip and fall on a dirty, wet, slippery, moldy, mildewy and/or otherwise unreasonably dangerous metal step while exiting the warehouse area of the premises.

6.    At all times material hereto, the Defendant, ARAMARK, as the owner, manager and/or possessor of the subject premises, owed a non-delegable duty to maintain its premises, including but not limited to the subject metal steps, in a reasonably safe condition for invitees such as the Plaintiff, and owed a non-delegable duty to warn invitees of hazards and dangerous conditions existing on the premises.

7.    At all times material hereto, the Defendant, ARAMARK, by and through its employees, servants and/or agents, breached its non-delegable duty of care by committing one or more of the following acts or omissions:

    a.  By failing to maintain the subject metal steps in a reasonably safe condition, especially when wet;

    b.  By creating an unreasonably dangerous condition in the design, construction, maintenance and/or walking surface of the subject metal steps, which became slippery and unreasonably dangerous when wet;

    c.  By allowing mold, mildew, dirt, oil, debris and/or other foreign contaminants to accumulate and remain on the subject metal steps;

    d.  By failing to provide non-skid strips and/or a non-skid surface treatment on the subject metal steps in order to prevent the steps from becoming slippery when wet;

    e.  By failing to clean and/or remove foreign contaminants accumulated on the surface of the subject metal steps;

f.  By failing to provide a cover or awning over the subject metal steps in order to prevent the steps from becoming wet and slippery as a result of inclement weather;

g.  By failing to warn invitees such as the Plaintiff about the wet and slippery condition of the subject metal steps and/or the presence of foreign contaminants on the metal steps;

h.  By failing to repair a dangerous condition which the Defendant knew or should have anticipated posed an unreasonable risk of harm to invitees, including the Plaintiff, notwithstanding the knowledge of the invitee and/or the obviousness of the condition;

i.  By failing to provide a safe means of egress and/or exit for invitees leaving the premises in violation of one or more of the following:

    1.  Florida Building Code sections 1001, and 1003.6;

    2.  NFPA 101, Life Safety Code sections 4.5.3.2, and 7.1.7;

    3.  ASTM section 7.2.1.

8.  At all times material hereto, the Defendant, ARAMARK, knew and/or should have known that the subject metal steps became unreasonably dangerous when wet and thus the Defendant had a duty to repair the subject steps and/or remedy the dangerous condition notwithstanding the obviousness of the condition or any knowledge on the part of the Plaintiff.

9.  As a direct and proximate result of Defendant's breach of its nondelegable duties, the Plaintiff, CASEY C. WARD, suffered serious bodily injuries with resulting past and future pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, inconvenience, mental anguish, medical expenses, including the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, as well as

*CASEY C. WARD v. ARAMARK UNIFORM & CAREER APPAREL, LLC*
*CASE NO.:*

aggravation of a previously existing condition. These losses are permanent and continuing, and the Plaintiff, CASEY C. WARD, will suffer such losses into the future.

**WHEREFORE**, the Plaintiff, CASEY C. WARD, hereby demands judgment for all damages, costs, and interest from the Defendant, ARAMARK UNIFORM & CAREER APPAREL, LLC, together with any additional relief this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, CASEY C. WARD, hereby demands a trial by jury of all issues so triable as a right by a jury.

> **SIMON TRIAL FIRM**
> *Attorneys for Plaintiff*
> First Citizens Bank Tower
> 2601 South Bayshore Drive
> Suite 1010
> Miami, Florida 33133
> Telephone: (305) 375-6500
> Facsimile:   (305) 375-0388
> Email: pleadings@simon-trial.com
>
> By:      /s/ Daniel M. Grissom
>          RONALD M. SIMON, ESQ.
>          Florida Bar No.: 165262
>          DANIEL M. GRISSOM, ESQ.
>          Florida Bar No.: 0008656

*CASEY C. WARD v. ARAMARK UNIFORM & CAREER APPAREL, LLC*
*CASE NO.::*

## NOTICE OF DESIGNATION OF E-MAIL ADDRESSES

The undersigned, in accordance with Florida Rules of Judicial Administration 2.516,

hereby designates the following as their e-mail addresses:

Primary: pleadings@simon-trial.com

/s/ *Daniel M. Grissom*
RONALD M. SIMON, ESQ.
Florida Bar No.: 165262
DANIEL M. GRISSOM, ESQ.
Florida Bar No.: 0008656