UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60792-RAR

**CASEY C. WARD**,

    Plaintiff,

v.

**ARAMARK UNIFORM & CAREER APPAREL, INC.**,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**THIS CAUSE** comes before the Court on Plaintiff Casey C. Ward's Motion to Remand [ECF No. 6] ("Motion") and Defendant Aramark Uniform & Career Apparel, Inc.'s Response in Opposition [ECF No. 8] ("Resp."). The Court having carefully reviewed the Motion, the Response, and the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [ECF No. 6] is **GRANTED**. For the reasons set forth below, this case is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

## BACKGROUND

While working in his capacity as a courier for FedEx, Plaintiff allegedly slipped and fell on wet metal steps on Defendant's premises. Compl. [ECF No. 1-2] ¶ 5. On December 4, 2020, Plaintiff filed his Complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida against Defendant, asserting claims of negligence for failure to properly maintain the premises. *See generally id*. The Complaint does not plead a specific amount in damages, but instead states only that the damages exceed thirty thousand dollars ($30,000)—the jurisdictional minimum for the state court in which it was filed. *Id*. ¶ 1.

On January 4, 2021, Defendant served its Request for Admissions on Plaintiff, which asked Plaintiff to "[p]lease admit that the amount in controversy in this matter does not exceed $75,000.00." Notice of Removal [ECF No. 1] ¶ 4. After unsuccessfully objecting, Plaintiff was compelled to answer by the state court and on March 15, 2021, responded: "[d]enied as phrased. There is no way to determine the amount in controversy as liability has not been determined." *Id*. ¶ 7. Shortly thereafter, Defendant removed the case to this Court, contending that "Plaintiff's denial constitutes sufficient finding of an amount in controversy in excess of the $75,000.00 diversity requirement." *Id*.

## LEGAL STANDARD

A defendant is permitted to remove a case from state court to federal court if the case could have been brought in federal court in the first instance. 28 U.S.C. § 1441. This includes actions where the federal court has diversity jurisdiction under 28 U.S.C. § 1332, which requires complete diversity of citizenship between the plaintiff and all defendants and an amount in controversy exceeding $75,000. As the removing party, Defendant shoulders the "heavy burden" of establishing federal subject matter jurisdiction, *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998), and all doubts regarding jurisdiction are resolved in favor of remand to state court, *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

In determining whether diversity jurisdiction exists, the Court focuses on the amount in controversy at the time of removal, not at any later point. *Stern v. First Liberty Ins. Co.*, 424 F. Supp. 3d 1264, 1269 (S.D. Fla. 2020) (citations omitted). "To determine whether this standard is met, a court first examines whether it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Id*. (citing *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006), *abrogated on other grounds by Dudley v. Eli Lilly & Co.*, 778

F.3d 909 (11th Cir. 2014)) (quotations omitted). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id*. "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also* 28 U.S.C. § 1332(a).

## ANALYSIS

Defendant has failed to meet its burden of establishing federal subject matter jurisdiction because its *only* proffered evidence that the amount in controversy exceeds $75,000 is Plaintiff's refusal to admit that his claim does *not* exceed that amount. The Eleventh Circuit has squarely held that this is insufficient to confer jurisdiction. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1320 (11th Cir. 2001) ("Although the notice of removal clearly asserts that the jurisdictional requirement is satisfied, the only fact alleged in support of that assertion is that [the plaintiff] refuses to stipulate that her claims do not exceed $75,000. There are several reasons why a plaintiff would not so stipulate, and a *refusal to stipulate standing alone does not satisfy [the defendant]'s burden of proof on the jurisdictional issue*.") (emphasis added); *see also Dunlap v. Cockrell*, 336 F. Supp. 3d 1364, 1366 (S.D. Ala. 2018) ("[I]t has long been the law of this Circuit that a plaintiff's mere refusal to stipulate that her claims do not exceed $75,000 does not and cannot satisfy a removing defendant's jurisdictional burden.") (citing *id*.). Plaintiff's "denial[] of these requests for admission is the functional equivalent of a refusal to stipulate to an amount in controversy below $75,000; therefore, the Eleventh Circuit's holding in *Williams v. Best Bu*y is directly at odds with [Defendant]'s assertion of federal jurisdiction predicated solely on such denials." *Id*. at 1366-

67.

This principle has been applied consistently throughout this Circuit. *See, e.g.*, *Streicher v. Sam's E., Inc.*, No. CV419-01, 2019 WL 1011815, at *3 (S.D. Ga. Mar. 4, 2019) ("[T]he same reasoning [from *Williams*] applies here to Plaintiffs' general denial that they [will] not 'seek, recover, or collect from Defendant . . . a sum in excess of $75,000,' . . . These requests for admission are clearly aimed at establishing the amount in controversy and are akin to asking Plaintiffs to stipulate that the amount in controversy exceeds $75,000."); *Amison v. Nationwide Mut. Ins. Co., Inc.*, No. 2:15-CV-01261-RDP, 2015 WL 5935170, at *3 (N.D. Ala. Oct. 13, 2015) ("[T]his court has previously decided that a mere denial to a request for admission does not suffice to demonstrate the jurisdictional minimum exists for removal."); *Chase v. Hess Retail Operations LLC*, No. 8:15-CV-1712-T-33JSS, 2015 WL 5356185, at *2 (M.D. Fla. Sept. 14, 2015) (explaining that defendant's "sole basis for the removal of this slip and fall case is [plaintiff]'s responses to Requests for Admissions regarding the extent of [plaintiff]'s damages . . . A number of courts have determined that a plaintiff's discovery responses concerning the amount in controversy are not sufficient to support removal of a case to federal court.") (collecting cases); *Williamson v. Home Depot USA, Inc.*, No. 07-61643, 2008 WL 2262044, at *2 (S.D. Fla. May 30, 2008) (concluding that plaintiff's denial in his response to defendant's request for admission was a refusal to stipulate to the damages and that, under *Williams*, a plaintiff's refusal to stipulate to damages is insufficient to satisfy defendant's burden).

By way of illustration, an almost identical scenario presented itself in *Eyler v. The Kroger Co.*, No. 1:14–CV–3601, 2015 WL 11622468 (N.D. Ga. Jan. 14, 2015). There, the defendant served requests for admission in state court that asked the plaintiff to admit that she "will not seek, recover, or collection (sic) from Defendant a sum in excess of $75,000." *Id*. at *2. As in this case,

the plaintiff responded: "Denied. The question of damages is in the province of the jury." *Id*.

Unlike here, however, the plaintiff in *Eyler* had also made two pre-suit settlement demands in excess of $75,000. *Id*. Nevertheless, the court granted the plaintiff's motion to remand, citing *Williams* in rejecting the defendant's argument that plaintiff was "admitting, by virtue of her responses, that she [was] demanding relief in excess of $75,000." *Id*.; *see also GHF Am. Corp. v. Cont'l Cas. Co.*, No. 20-23051, 2020 WL 6557531, at *3 (S.D. Fla. Nov. 9, 2020) ("Plaintiff asserts that Defendant's failure to stipulate to an amount in controversy is dispositive. . . . Given that Defendant's other evidence has failed to satisfy its burden, the Court will not use Plaintiff's decision not to stipulate as the sole reason to conclude the jurisdictional threshold has been surpassed.") (citing *Williams*, 269 F.3d at 1320).

The same logic applies even more forcefully here, as Defendant makes clear it is relying *only* on Plaintiff's responses to its Requests for Admissions as its basis for establishing jurisdiction. *See* Notice of Removal [ECF No. 1] ¶ 7 ("Plaintiff's denial constitutes sufficient finding of an amount in controversy in excess of the $75,000.00 diversity requirement."); Removal Status Rep. [ECF No. 7] ¶¶ 1-2, 4 ("Pursuant to discovery responses filed by Plaintiff in the state court proceedings after service of the Complaint on the Defendant, the amount in controversy exceeds $75,000.00. The case was removed pursuant to Federal Diversity Jurisdiction and satisfaction of the federal minimum amount in controversy pursuant to Plaintiff's answers to Defendant's requests for admissions. . . . Defendant first ascertained that the case was subject to removal when it received Plaintiff's [c]ourt-ordered response to Defendant's request for admissions on March 15, 2021."); Resp. at 2 ("Plaintiff's responses to the two requests for admissions, while evasive and self-serving, clearly state that he has denied that the amount in controversy in this matter does not exceed $75,000.00.").

To be sure, a plaintiff's refusal to admit that she is not seeking damages in excess of $75,000 cannot *defeat* jurisdiction, and it can be considered alongside other evidence, but such a refusal cannot—standing alone—establish the jurisdictional minimum. *Cf. Tall v. Fed. Ins. Co.*, No. 6:20-cv-1125-Orl-37LRH, 2020 WL 5887647, at *2 (M.D. Fla. Oct. 5, 2020) ("[D]espite multiple opportunities to certify in interrogatories or stipulations that the amount in controversy was less than $75,000, Plaintiffs steadfastly refused to do so—which [was] telling albeit insufficient to independently establish jurisdiction.") (internal quotation omitted); *Hallenbeck v. Target Corp.*, No. 3:18-cv-891-J-32JBT, 2018 WL 4279245, at *2 (M.D. Fla. Sept. 7, 2018) ("*Combining* Plaintiffs' equivocal response to the request for admission with the demand letters [which sought over $200,000], the Court is persuaded that Target has met its burden of showing by a preponderance of the evidence that [the] amount in controversy has been met.") (citation omitted) (emphasis added); *Thompson v. Columbia Sussex Corp.*, No: 2:16-cv-435-FtM-29CM, 2016 WL 6134868, at *4 (M.D. Fla. Oct. 21, 2016) ("This equivocal answer, *when combined with* [plaintiff]'s medical bills and medical diagnoses, establishes by a preponderance of the evidence that, at the time of removal, the amount-in-controversy requirement was satisfied.") (citation omitted) (emphasis added); *Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1380-81 (M.D. Fla. 2009) ("It is true that [plaintiff]'s refusal to stipulate the actual amount of damages sought does not, standing alone, support jurisdiction. . . . Combining the interrogatory responses with the demand letter (and adding a dose of common sense), the Court is persuaded that defendants have met their burden of showing by a preponderance of the evidence that [the] amount in controversy has been met.").

Nor is this a case in which bad faith can be inferred in Plaintiff's equivocal discovery responses. "Those cases largely concern affirmative, deliberate acts that clearly reflect attempts

at gamesmanship. For example, courts routinely find bad faith where plaintiffs seek to amend their complaints after the one-year removal window has expired to claim damages more than $75,000; affirmatively disavow damages above $75,000 and then send a demand letter immediately after the one-year window closed; intentionally delay accepting settlement offers from non-diverse defendants; or wholly refuse to respond to discovery requests regarding damages." *Wilson v. Fresh Mkt.*, No. 19-81037, 2020 WL 355192, at *5 (S.D. Fla. Jan. 2, 2020) (collecting cases), *report and recommendation adopted*, 2020 WL 354967 (S.D. Fla. Jan. 22, 2020). No such chicanery is apparent from the record here. Instead, "Plaintiff's denial of the [two] questions propounded by Defendant serves not to establish that an amount in excess of $75,000 is in dispute, but rather that Plaintiff is not willing to concede the issue and that an amount in excess of $75,000 is in dispute is itself in dispute. Refusal to concede is not a statement of fact and cannot support jurisdiction." *Harmon v. Wal-Mart Stores, Inc.*, No. 3:08–cv–309, 2009 WL 707403, *4 (M.D. Ala. Mar. 16, 2009).

That Plaintiff has declined to stipulate that her damages are less than $75,000.00 "merely establish[es] the possibility—not a probability—that the Plaintiff's damages might exceed $75,000." *Abbey v. Tex. Roadhouse Holdings, LLC*, No. 8:19-cv-204-T-33TGW, 2019 WL 337129, at *2-3 (M.D. Fla. Jan. 28, 2019) (citation omitted). Therefore, remand is required.

## CONCLUSION

Based on the foregoing, the Court finds that Defendant has failed to "prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka*, 608 F.3d at 752. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [ECF No. 6] is **GRANTED**. This case is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit

in and for Broward County, Florida. The Clerk of Court is directed to **CLOSE** this case. All pending motions are **DENIED AS MOOT**.

      **DONE AND ORDERED** in Fort Lauderdale, Florida this 27th day of May, 2021.

                                        **RODOLFO A. RUIZ II**
                                        **UNITED STATES DISTRICT JUDGE**